CNA COVERAGE LITIGATION GROUP
ROBERT C. CHRISTENSEN (SBN 151296)
Email:  robert.christensen@cna.com
555 12th Street, Suite 600
Oakland, CA  94607
Telephone:  510.645.2300  (Main)
                      510.645.2306 (Direct)
Facsimile:   510.645.2323

*Of Counsel:*
WILEY REIN LLP
Richard A. Simpson  (*pro hac vice* to be filed)
Joseph W. Gross (*pro hac vice* to be filed)
Email:  rsimpson@wiley.law
Email:  jgross@wiley.law
1776 K Street NW
Washington, DC  20006
Telephone:  202.719.7000
Facsimile:  202.719.4049

*Attorneys for Defendant Continental Casualty Company*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDEX OFFICE AND PRINT SERVICES, INC., a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | Case No. 2:20-CV-4799-MWF-AGR<br>**DEFENDANT CONTINENTAL CASUALTY COMPANY'S ANSWER** |

Defendant, Continental Casualty Company ("Continental"), responds to the Complaint [Dkt. No. 1] filed by Plaintiff FedEx Office and Print Services, Inc. ("FedEx") on knowledge, information, and belief as follows, with paragraph numbers corresponding to those used in the Complaint. Each and every allegation in the Complaint that is not specifically admitted below is denied.

## OVERVIEW[1]

**1.** In 2017, FedEx Office purchased an "Enterprise Professional Solutions" liability insurance policy (the "Policy") from Continental in exchange for a substantial premium.

**ANSWER:** Continental admits that it issued Enterprise Professional Solutions Policy number 592397004 to FedEx with a policy period of May 15, 2017 to May 15, 2018 (the "Policy"). To the extent that Paragraph 1 of the Complaint purports to characterize the contents of the Policy, Continental responds that the Policy is a document that speaks for itself and denies that Paragraph 1 of the Complaint fully and accurately describes its terms.

**2.** During the policy period, FedEx Office was sued in Alameda County Superior Court in class action litigation alleging violations of the Fair and Accurate Credit Transactions Act (FACTA). The class action suit alleged that FedEx Office had violated FACTA by disclosing private credit card information on printed receipts given to the named class representative as part of utilizing self-services kiosks at FedEx Office locations in Tustin and Santa Ana, California. Such kiosks allow customers to insert a credit or debit card at the beginning of obtaining service. The customer can then print from email, from the internet, from USB

---

[1] For convenience, headings in this Answer correspond to the headings used by FedEx in the Complaint and do not constitute allegations or averments by Continental.

ANSWER
Case No. 2:20-CV-4799-MWF-AGR

media, and can also copy or scan hard copy documents. Upon completion of the services, the kiosk prints a receipt that includes a record of the price charged, as well as advertising information. The customer then takes the receipt along with any printed documents. The class action suit alleged damages of up to $1,000 per transaction and sought to establish a nationwide class of FedEx Office customers. Two "Copycat" class action lawsuits followed one in another California county and the other one in another state.

**ANSWER:** Continental admits the allegations asserted in the first sentence of Paragraph 2 of the Complaint. Continental also admits that: (a) on August 8, 2017, Robert Cohen filed a Class Action Complaint before the California Superior Court in Alameda County in the lawsuit entitled *Robert Cohen, individually and on behalf of all other similarly situated v. FedEx Office and Print Services, Inc., and DOES 1 through 50, inclusive*, Case No. RG17870621 (the "Cohen Lawsuit"); (b) on October 31, 2017, Karen Duncan filed a Class Action Complaint before the Illinois Circuit Court in the lawsuit entitled *Karen Duncan, individually and on behalf of all other similarly situated v. FedEx Office and Print Services, Inc., a Texas Corporation*, Case No. 2017 CH 14517 (the "Duncan Lawsuit"); (c) on August 16, 2017, counsel for Ashley Beltran forwarded a letter of intent and Draft Class Action Complaint to FedEx (the "Beltran Complaint") (together with the Cohen Lawsuit and the Duncan Lawsuit, the "Underlying FACTA Actions"); and (d) the complaints in the Underlying FACTA Actions each alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA"). To the extent Paragraph 2 of the Complaint purports to characterize the Underlying FACTA Actions,

2

Continental responds that the complaints in the Underlying FACTA Actions are documents that speaks for themselves and denies that Paragraph 2 of the Complaint fully and accurately characterizes their contents. Continental lacks knowledge or information sufficient to admit or deny the remaining allegations asserted in Paragraph 2 of the Complaint

**3.**     While FedEx Office monitored the contents of its receipts, just days after confirming compliance with FACTA, a vendor responsible for maintaining the point of sale software for FedEx Office locations erroneously installed a software update that the class plaintiffs alleged resulted in a violation of FACTA with respect to the services provided to FedEx Office customers via its kiosks.

**ANSWER:**     Continental lacks knowledge or information sufficient to admit or deny the allegations asserted in Paragraph 3 of the Complaint, except that Continental admits that class plaintiffs in the Underlying FACTA Actions alleged violations of FACTA.

**4.**     FedEx Office promptly submitted a claim to Continental under the Policy. Without conducting any meaningful investigation, Continental summarily denied the claim without citation to California law or any other law. In response to multiple requests, Continental expanded its theories and reasons for its denial, but ultimately refused to reconsider its coverage position. Critically, Continental placed its own financial interests ahead of its policyholder's interests.

**ANSWER:**     Continental admits only that FedEx submitted the Underlying FACTA Actions to Continental for coverage under the Policy, that Continental sent one or more coverage letters to FedEx regarding the Underlying FACTA Actions, and that that Continental denied coverage for the Underlying FACTA Actions under the Policy. To the extent Paragraph 4 of the Complaint purports to

3

characterize Continental's coverage letters, Continental responds that its coverage letters are documents that speak for themselves and denies that Paragraph 4 of the Complaint fully and accurately characterizes their contents. Continental denies the remaining allegations asserted in Paragraph 4 of the Complaint.

5.      As a result of Continental's coverage denial, FedEx Office was left to defend what became three class actions. Those class action lawsuits involved significant cost to FedEx Office, and ultimately a settlement was reached and approved by the court.

**ANSWER:**   Continental admits that it denied coverage for the Underlying FACTA Actions under the Policy and that the Underlying FACTA Actions have settled.  Continental lacks knowledge or information sufficient to admit or deny the remaining allegations asserted in Paragraph 5 of the Complaint.

6.      In wrongfully denying the claim, Continental ignored the Policy language, misrepresented case law, and violated its good faith duty to FedEx Office. Continental is in breach of its obligations under the Policy.

**ANSWER:**   Paragraph 6 of the Complaint states one or more legal conclusions to which no response is required.  To the extent a response is deemed to be required, Continental denies the allegations asserted in Paragraph 6 of the Complaint.

7.      FedEx Office is entitled to full coverage for the underlying claims, along with compensation for having had to engage counsel to obtain the benefits of its insurance policy.

**ANSWER:**   Paragraph 7 of the Complaint states one or more legal conclusions to which no response is required.  To the extent a response is deemed

4

to be required, Continental denies the allegations asserted in Paragraph 7 of the Complaint.

## PARTIES

**8.**   FedEx Office is a Texas corporation and is a wholly owned subsidiary of FedEx Corporation. FedEx Office is a retail chain of more than 2,000 locations that provide retail outlets for FedEx air and ground shipping, as well as printing, copying and binding services. FedEx Office is, and at all times material hereto has been, registered with the California Secretary of State and authorized to do business and regularly does business throughout the State of California via hundreds of retail locations including the two Southern California locations that gave rise to this claim.

**ANSWER:**   Continental admits the allegations asserted in the first two sentences of Paragraph 8 of the Complaint.   Continental lacks knowledge or information sufficient to admit or deny the remaining allegations asserted in Paragraph 8 of the Complaint.

**9.**   FedEx Office is informed and believes, and based thereon alleges, that Continental is an insurance company incorporated in the State of Illinois and headquartered in Chicago, Illinois. Upon information and belief, Continental is authorized to do business and regularly does business in the State of California, including the sale of insurance policies to insure risks in California.

**ANSWER:**   Continental admits the allegations asserted in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

**10.**   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because FedEx Office and Continental are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5

**ANSWER:**   Continental admits the allegations asserted in Paragraph 10 of the Complaint.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Continental is subject to this Court's personal jurisdiction with respect to this action.

**ANSWER:**   Continental admits the allegations asserted in Paragraph 11 of the Complaint.

## THE POLICY

12.     Continental sold FedEx Office an "Enterprise Professional Solutions" policy insuring it against Professional Services Liability and Media Liability claims, policy number 592397004. The limit is $10 million, and the effective dates are 5/15/17-5/15/18 ("Policy Period"). The Policy has a $250,000 retention.

**ANSWER:**   Continental admits that it issued Enterprise Professional Solutions Policy number 592397004 to FedEx with a policy period of May 15, 2017 to May 15, 2018 (the "Policy") and that the Policy had a $10 million aggregate limit and a $250,000 retention.  Continental further responds that the Policy is a document that speaks for itself and denies that Paragraph 12 of the Complaint fully and accurately characterizes its terms

13.     The Policy provides coverage for a range of technology, media, privacy and similar coverages including that Continental shall pay all sums FedEx Office becomes legally obligated to pay. The Policy states that Continental shall pay:

as **Damages** and **Claim Expenses** resulting from any **Professional Services Claim** both first made against the **Insured** and reported to the Insurer in writing during the **Policy Period,** or any Extended

6

Reporting Period, if applicable, alleging any Wrongful Act by the Insured ...

**ANSWER:**   Continental admits that Paragraph 13 of the Complaint contains an accurate but partial quotation from the Policy.  To the extent that Paragraph 13 of the Complaint purports to describe the contents of the Policy, Continental states that the Policy is a document that speaks for itself and denies that Paragraph 13 of the Complaint fully and accurately characterizes its terms.

14.   Via endorsement, the Policy defines **Professional Services** as follows:

> **Professional Services** means providing document scanning, storage and retrieval, video conferencing, account management, finishing and faxing services, custom printing and copying services, outsourcing, notary services and rental of access to personal computer with business software applications and internet access, document creation, digital printing, direct mail, signs and graphics and services related thereto.

**ANSWER:**   Continental admits that Paragraph 14 of the Complaint contains an accurate quotation from the Policy.  Continental further responds that the Policy is a document that speaks for itself and denies that Paragraph 14 of the Complaint fully and accurately characterizes its terms.

15.   The Policy defines **Wrongful Act** as follows:

> **Wrongful Act** means with respect to **Insuring Agreements 1**. and **2**. only, a **Wrongful Act** means any actual or alleged act, error, omission, neglect or breach of duty, **Privacy Injury, Personal/Proprietary Injury,** or **Breach of Contract:** committed

7

solely in the conduct of **Professional Services, Technology Services or Telecommunications Services** for others...

**ANSWER:**   Continental admits that Paragraph 15 of the Complaint contains an accurate but partial quotation from the Policy.  Continental further responds that the Policy is a document that speaks for itself and denies that Paragraph 15 of the Complaint fully and accurately characterizes its terms.

16.   The Media Liability section of the policy obligates the insurer to pay all sums the Insured becomes obligated to pay as Damages and Claim Expenses by reason of a **Media Claim** alleging a **Wrongful Act** by the **Insured. Media Claim** is defined to include a claim arising from **Media Activity** and alleging "any form of invasion, infringement or interference with rights of privacy... "**Media Activity** is defined to include ''the dissemination or utterance of Material, by any means, including: ... printing." **Material** is defined as "media content, in any format." "Media content'' is not a defined term under the policy, but advertising, such as that contained upon FedEx Office kiosk receipts is commonly understood to be a form of media.

**ANSWER:**   Continental admits that Paragraph 16 of the Complaint contains accurate but partial quotations from the Policy.  To the extent that Paragraph 16 of the Complaint purports to describe the contents of the Policy, Continental states that the Policy is a document that speaks for itself and denies that Paragraph 16 of the Complaint fully and accurately characterizes its terms.  Continental lacks knowledge or information sufficient to admit or deny the allegation that FedEx's receipts contain advertising or that advertising is commonly understood to be a form of media.

17.   The policy contains exclusions, but none apply to this claim.

8

ANSWER

**ANSWER:**   Because Paragraph 17 of the Complaint purports to summarize the terms of the Policy, Continental responds that the Policy is a document that speaks for itself and denies that Paragraph 17 of the Complaint fully and accurately characterizes its terms.

**18.**   In response to notices of the claim, Continental sent two substantively identical denial letters dated October 24, 2017 and maintained its denial position in all future communications.

**ANSWER:**   Continental admits only that it sent two letters to FedEx dated October 24, 2017, that it denied coverage under the Policy for the Underlying FACTA Actions, and that it has maintained its denial.  To the extent Paragraph 18 of the Complaint purports to characterize the contents of the October 24, 2017 letters, Continental responds that the October 24, 2017 letters are documents that speak for themselves and denies that Paragraph 18 of the Complaint fully and accurately characterizes their contents.

**19.**   In contravention of the Policy language, and without factual or legal support, Continental sought to compare kiosk printing, scanning and copying services (where the entire service begins and ends with a credit card interface) to legal and accounting professional services where there is an invoicing process that typically follow the services by a month or more.

**ANSWER:**   Because Paragraph 19 purports to characterize one or more letters from Continental to FedEx regarding coverage for the Underlying FACTA Actions, Continental responds that its coverage letters are documents that speak for themselves and denies that Paragraph 19 of the Complaint fully and accurately

9

characterizes their contents. Continental specifically denies that it contravened the terms of the Policy and that it lacked support for denying coverage under the Policy for the Underlying FACTA Actions.

20. Continental also argued that Media Liability was not triggered under the Policy because Continental simply asserted that a printed receipt is not media content because Continental says so. In doing so, it never investigated the actual receipts or process by which FedEx kiosk services are provided and did not consider that receipts are a commonly used form of advertising.

**ANSWER:** Because Paragraph 20 purports to summarize one or more letters from Continental to FedEx regarding coverage for the Underlying FACTA Actions, Continental responds that its coverage letters are documents that speak for themselves and denies that Paragraph 20 of the Complaint fully and accurately characterizes their contents.

21. The initial denials cited no legal authority and later communications incorrectly cited as its sole legal authority a California district court decision that had been overturned by the Ninth Circuit.

**ANSWER:** Because Paragraph 21 purports to summarize one or more letters from Continental to FedEx regarding coverage for the Underlying FACTA Actions, Continental responds that its coverage letters are documents that speak for themselves and denies that Paragraph 21 of the Complaint fully and accurately characterizes their contents.

22. Instead of acknowledging the error of its ways, Continental later changed its arguments while continuing to deny coverage. On February 12, 2018, Continental sent FedEx Office a 15-page single spaced denial letter that necessarily rejected all authority it had previously relied upon. While the class action was filed

10

in California based on California transactions, Continental now urged the application of out of state cases on different facts that it claimed supported its position. Instead of considering FedEx Office's interests at least equal to its own, Continental focused solely on denying coverage no matter the policy or the law.

**ANSWER:**   Continental admits only that maintained its denial of coverage and sent FedEx a letter dated February 12, 2018 further explaining Continental's coverage position.   To the extent Paragraph 22 of the Complaint purports to characterize the contents of the February 12, 2018 letter, Continental responds that the February 12, 2018 letter is a document that speaks for itself and denies that Paragraph 22 of the Complaint fully and accurately characterizes its contents.   The fourth sentence of Paragraph 22 of the Complaint states one or more legal conclusions to which no response is required.   To the extent a response is deemed to be required, Continental denies the allegations in the fourth sentences of Paragraph 22 of the Complaint.

**23.**     Continental also added a previously undisclosed and nonsensical argument that because FedEx Office been sued in another FACTA case a decade earlier, coverage should be denied for the present litigation on the basis of "prior knowledge." But, as previously alleged, Continental never investigated to learn the circumstances of the 2017 vendor software update.

**ANSWER:**   Because the first sentence of Paragraph 23 of the Complaint purports to characterize the contents of the February 12, 2018 letter, Continental responds that the February 12, 2018 is a document that speaks for itself and denies that the first sentence of Paragraph 23 of the Complaint fully and accurately

11

characterizes its contents.  Continental denies the remaining allegations asserted in Paragraph 23 of the Complaint.

24.    Despite the complete lack of any legal or factual basis to deny FedEx Office's claim under the Policy, Continental summarily concluded that FedEx Office was entitled to no coverage.

**ANSWER:**   Continental denies the allegations asserted in Paragraph 24 of the Complaint.

25.    The Policy contains a dispute resolution provision providing for mediation outside California but does not contain a venue provision for coverage litigation. Continental waived the mediation geographic limitation and the parties initiated a mediation before the Hon. Peter Lichtman (Ret.) at JAMS in Los Angeles. The mediation ended abruptly after just a few hours.

**ANSWER:**   Because the first sentence of Paragraph 25 of the Complaint purports to summarize the terms of the Policy, Continental responds that the Policy is a document that speaks for itself and denies that the first sentence of Paragraph 25 of the Complaint fully and accurately characterizes its terms.   Continental admits that it participated in a mediation with Judge Lichtman at JAMS in Los Angeles.  Continental denies the remaining allegations asserted in  Paragraph 25 of the Complaint.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

26.    FedEx Office hereby incorporates the allegations of paragraphs 1 through 25 above as fully set forth herein.

12

**ANSWER:** Continental incorporates by reference its responses to the allegations asserted in Paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. By executing and delivering the Policy to FedEx Office as alleged hereinabove, Continental entered into a contract with FedEx Office whereby Continental agreed, among other things, to provide coverage for claims made against FedEx Office during the Policy Period. Under the terms of this Policy, and the implied covenant of good faith and fair dealing arising therefrom, Continental further agreed to fully, fairly, and promptly satisfy FedEx Office's covered claims under the Policy.

**ANSWER:** Paragraph 27 of the Complaint states one or more legal conclusions to which no response is required. To the extent a response is deemed required, Continental admits that it issued the Policy to FedEx which established a contractual relationship between the parties with various respective rights and duties. Continental denies that Paragraph 27 of the Complaint fully and accurately describes the parties' respective rights and duties under the Policy.

28. As required by the Policy, FedEx Office provided prompt notice of the claim to Continental. Subsequently, FedEx Office performed all conditions required to be performed on its part to perfect the claim under the Policy.

**ANSWER:** Paragraph 28 of the Complaint contains one or more legal conclusions to which no response is required. To the extent a response is deemed to be required, Continental admits only that FedEx provided notice of the Underlying FACTA Actions and denies the remaining allegations asserted in Paragraph 28 of the Complaint.

13

ANSWER
Case No. 2:20-CV-4799-MWF-AGR

**29.**   FedEx Office has fully performed all of the obligations that it is required to perform under the Policy or has been excused from performing due to Continental's waiver or improper denial of coverage.

**ANSWER:**   Paragraph 29 of the Complaint contains one or more legal conclusions to which no response is required.  To the extent a response is deemed required, Continental denies the allegations asserted in Paragraph 29 of the Complaint.

**30.**   Rather than conduct an efficient, legally sound analysis of the Policy terms as applied to the underlying FACTA litigation, Continental willfully and obstreperously interpreted the Policy incorrectly to reach its desired end of denying coverage. Continental's actions evidence an intentional and wrongful effort to avoid paying the amounts properly due and owing to FedEx Office.

**ANSWER:**   Paragraph 30 of the Complaint contains one or more legal conclusions to which no response is required.  To the extent a response is deemed required, Continental denies the allegations asserted in Paragraph 30 of the Complaint.

**31.**   FedEx Office demanded that Continental acknowledge coverage and fully satisfy its claim under the terms and conditions of the Policy. Continental refused and continues to refuse in breach of the Policy.

**ANSWER:**   Paragraph 31 of the Complaint contains one or more legal conclusions to which no response is required.  To the extent a response is deemed required, Continental admits only that that it denied coverage for the Underlying FACTA Actions under the Policy, FedEx asked Continental to reconsider its

14

position, and, having done so, Continental maintained its denial. Continental denies the remaining allegations asserted in Paragraph 31 of the Complaint.

**32.** As a direct and proximate result of the breach of contract by Continental set forth above, FedEx has sustained  or will sustain, damages as follows:

a. FedEx Office has suffered damages in an amount to be determined at the time of trial of this matter, but not less than $2.5 million.

b. Plaintiff has suffered damages in the form of interest on all amounts due and owing under the Policy which have not been paid, such interest accruing from the date when such amounts should have been paid; and

c. Plaintiff has suffered foreseeable consequential damages in an amount to be determined at the time of trial of this matter.

**ANSWER:** Paragraph 32 of the Complaint, including all subparts thereto, contains one or more legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations asserted in Paragraph 32 of the Complaint, including all subparts thereto.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

**33.** FedEx Office hereby incorporates the allegations of paragraphs 1 through 29 above as though fully set forth herein.

**ANSWER:** Continental incorporates by reference its responses to the allegations asserted in Paragraphs 1 through 32 of the Complaint as though fully set forth herein.

**34.** An implied covenant of good faith and fair dealing arose as a result of Continental's issuance of the Policy to FedEx Office. Continental's duty of good faith and fair dealing obligated Continental to consider FedEx Office's interests *at*

15

*least* equal to its own interests; to fully advise FedEx Office of all of its rights under the Policy and under the law with regards to claims arising thereunder; to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy; to adopt and implement reasonable standards for the prompt investigation and processing of claims under the Policy; to promptly affirm or deny coverage of claims within a reasonable period of time after presentation of a claim; and to avoid unreasonably withholding or delaying payment of any benefits owed under the Policy.

**ANSWER:**   Paragraph 34 of the Complaint contains one or more legal conclusions to which no response is required.  To the extent a response is deemed required, Continental admits that a duty of good faith and fair dealing arises from the Policy but denies that Paragraph 34 of the Complaint fully and accurately describes applicable law.  Continental specifically denies that it breached any such duty with respect to FedEx and the Underlying FACTA Actions.

**35.**   Continental breached its implied covenant of good faith and fair dealing owed to FedEx Office by, among other things, engaging in the following:

a.   Failing to acknowledge and act reasonably promptly upon communications with FedEx Office regarding the subject claim;

b.   Knowingly and intentionally failing to promptly and thoroughly investigate all possible bases to support FedEx Office's claim for coverage under the Policy, including a complete failure to investigate the facts and circumstances of the kiosk services and the software update and error that led to the class action litigation;

c.   Knowingly and intentionally relying upon plainly incorrect and unsupportable interpretations of insuring language in the Policy to support its original denial of the subject claim, including changing theories on what state law applies, citing a reversed trial court decision as authority to deny the claim, and by asserting facts that it would have known did not apply if it had conducted an investigation;

d. Intentionally placing Continental's interest in saving money ahead of the interests of its insured in obtaining benefits which it is rightfully entitled to under the Policy;

e. Wrongfully denying FedEx Office coverage for the underlying FACTA litigation under the Policy, therefore forcing FedEx Office to file this complaint in order to obtain the coverage that it is entitled to.

**ANSWER:** Paragraph 35 of the Complaint, including all subparts thereto, contains one or more legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations asserted in Paragraph 35 of the Complaint, including all subparts thereto.

36. As a direct and proximate result of Continental's breaches of its duties of good faith and fair dealing as set forth above, FedEx Office has sustained damages as follows:

a. FedEx Office has suffered damages in an amount to be determined;

b. FedEx Office has suffered foreseeable consequential damages in an amount to be determined at the time of trial of this matter; and

c. FedEx Office has been required to retain counsel to litigate the payment of benefits to which FedEx Office is entitled under the Policy. As such, FedEx Office will incur attorneys' fees and costs in prosecuting this litigation, all to FedEx Office's detriment in an amount yet to be ascertained.

**ANSWER:** Paragraph 36 of the Complaint, including all subparts thereto, contains one or more legal conclusions to which no response is required. To the extent a response is deemed required, Continental denies the allegations asserted in Paragraph 36 of the Complaint, including all subparts thereto.

17

Continental denies that FedEx is entitled to any of the relief sought in its Prayer for Relief following Paragraph 36 of the Complaint, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Continental asserts the affirmative defenses below.  By pleading these affirmative defenses, Continental does not intend to alter the burden of proof or the burden of persuasion that otherwise exists with respect to any issue in this action. Moreover, all affirmative defenses are pleaded in the alternative and do not constitute an admission of liability or that FedEx is entitled to any relief whatsoever.

### First Affirmative Defense

FedEx's Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense

There is no coverage for the Underlying FACTA Actions under the terms and conditions of the Policy.

### Third Affirmative Defense

No coverage is available for the Underlying FACTA Actions under the Policy because the Underlying FACTA Actions are not a **Professional Services Claim** and therefore coverage is not triggered under the Professional Services Liability Insuring Agreement.  *See* Policy Section I.A.2.

18

**Fourth Affirmative Defense**

No coverage is available for the Underlying FACTA Actions under the Policy because the Underlying FACTA Actions are not a **Media Claim** and therefore coverage is not triggered under the Media Liability Insuring Agreement. *See* Policy Section I.A.3.

**Fifth Affirmative Defense**

No coverage is available for the Underlying FACTA Actions under the Policy because the Underlying FACTA Actions are not a **Claim** first made and reported during the **Policy Period**.

**Sixth Affirmative Defense**

No coverage is available for the Underlying FACTA Actions under the Policy to the extent an **Executive Officer** had knowledge of any circumstances which might have resulted in a **Claim** prior to the inception date of the Policy**.**

**Seventh Affirmative Defense**

Continental at all times acted reasonably, in good faith, and with due regard to the interests of FedEx and all **Insureds**.

19

### Eighth Affirmative Defense

FedEx is entitled to indemnification from its vendor, who is responsible for the FACTA violations, for the amounts being sought from Continental and FedEx has unreasonably refused to pursue recovery directly from that vendor.

### Ninth Affirmative Defense

Continental reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmative defense under applicable laws and rules.

WHEREFORE, having fully answered, Continental requests that FedEx's Complaint be dismissed with prejudice and that Continental be awarded its costs and such additional relief as is proper under the circumstances.

Dated:  July 29, 2020                          Respectfully Submitted,

                                               CNA COVERAGE LITIGATION
                                               GROUP

                                               /s/ Robert Christensen_____
                                               Robert Christensen

                                               *Of Counsel:*
                                               WILEY REIN LLP
                                               Richard A. Simpson  (*pro hac vice* to be filed)
                                               Joseph W. Gross (*pro hac vice* to be filed)

                                               *Attorneys for Defendant Continental Casualty Company*

20