PILLSBURY WINTHROP SHAW PITTMAN LLP
ROBERT L. WALLAN (SBN 126480)
robert.wallan@pillsburylaw.com
REBECCA TIERNEY (SBN 274283)
rebecca.tierney@pillsburylaw.com
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone:    213.488.7100
Facsimile:    213.629.1033

Attorneys for Plaintiff
FEDEX OFFICE AND PRINT SERVICES, INC.

CNA COVERAGE LITIGATION GROUP
ROBERT C. CHRISTENSEN (SBN 151296)
Email:  robert.christensen@cna.com
555 12th Street, Suite 600
Oakland, CA  94607
Telephone:   510.645.2300
Facsimile:    510.645.2323

Attorneys for Defendant
CONTINENTAL CASUALTY COMPANY

*Additional Counsel Cont'd. on Page 2*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDEX OFFICE AND PRINT SERVICES, INC., a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>Defendant. | Case No. 2:20-cv-04799-MWF-AGR<br><br>**JOINT RULE 26(f) REPORT**<br>[Fed. R. Civ. Proc. 26(f)]<br><br>Date:         September 21, 2020<br>Time:         11:00 a.m.<br>Courtroom: 5-A<br><br>Judge:  Hon. Michael W. Fitzgerald |

-1-

1 | *Additional Counsel cont'd.*

2 | JULIE A. HUMPRHEYS (SBN 92985)
Email:  julie.humprheys@cna.com

3 | 675 Placentia Avenue, Suite 175
Brea, CA 92821

4 | Telephone:   714.674.5693
Facsimile:   714.256.7663

5 |

6 | Of Counsel:
WILEY REIN LLP
Richard A. Simpson  (pro hac vice to be filed)

7 | Joseph W. Gross (admitted pro hac vice)
Email:  rsimpson@wiley.law

8 | Email:  jgross@wiley.law
1776 K Street NW

9 | Washington, DC  20006
Telephone:  202.719.7000

10 | Facsimile:  202.719.7049

11 | Attorneys for Defendant   CONTINENTAL CASUALTY COMPANY

-2-

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff FedEx Office and Print Services, Inc. ("Plaintiff" or "FedEx Office") and Defendant Continental Casualty Company ("Defendant" or "Continental") hereby submit the following joint report.

### a.  Statement of the case:

1.  **Plaintiff's statement**.  In 2017, FedEx Office purchased an "Enterprise Professional Solutions" liability insurance policy (the "Policy") from Continental in exchange for a substantial premium.  During the policy period, FedEx Office was sued in Alameda County Superior Court in class action litigation alleging violations of the Fair and Accurate Credit Transactions Act (FACTA). The suit alleged that FedEx Office had violated FACTA by disclosing private credit card information on printed receipts given to the named class representative as part of utilizing self-services kiosks at FedEx Office locations in Tustin and Santa Ana, California. The kiosks' offerings range, including but not limited to computer rentals, scanning, print services, and internet use.  The kiosks allow customers to insert a credit or debit card at the beginning of obtaining service.  Upon completion of the services, the kiosk prints a receipt that includes a record of the price charged, number of copies made, computer time used, etc., as well as advertising information. The class action suit alleged statutory damages of up to $1,000 per transaction and sought to establish a nationwide class of FedEx Office customers. Two "Copycat" class action lawsuits followed, one in another California county and the other one in another state.

FedEx Office promptly submitted a claim to Continental under the Policy, which Continental summarily denied. In response to requests for reconsideration, Continental expanded its theories, including the addition of a frivolous rescission theory, but refused to cover the claim.  As a result of Continental's coverage denial, FedEx Office was forced to defend what became three class actions without reimbursement. Those class action lawsuits involved significant cost to FedEx Office,

1   and ultimately a settlement was reached and approved by the court resolving all of the

2   litigation.  FedEx seeks its unreimbursed defense fees and costs, the settlement

3   amount, interest, plus fees and costs under *Brandt* based on Continental's violation of

4   its contract and good faith obligations to defend and cover the underlying litigation.

5        **Continental's statement**:

6        Continental issued an Enterprise Professional Solutions Policy to FedEx Office.

7   The Fair and Accurate Credit Transaction Act ("FACTA") prohibits businesses from

8   printing more than five digits of any customer's card number on a receipt in order to

9   reduce the risk of identity theft.  FedEx Office claims a software vendor error caused

10  its self-service kiosks to print receipts showing more than five digits of customers'

11  credit cards.  As a result, FedEx Office faced three putative class-action lawsuits

12  alleging violation of FACTA, which have now settled (the "FACTA Actions").  FedEx

13  Office sought coverage for the FACTA Actions under the Continental policy and

14  Continental denied coverage.  FedEx office brought this suit alleging a breach of the

15  Policy and the covenant of good faith and fair dealing.

16       Continental contends that neither  of the insuring agreements are triggered, so it

17  cannot be said to have breached its contract with FedEx Office.  Additionally,

18  Continental contends that the FACTA Actions are not a Claim first made within the

19  relevant Policy Period and there is no coverage available to the extent an Executive

20  Officer had knowledge of any circumstances which might have resulted in a Claim

21  prior to the inception date of the Policy.  Absent a breach of the Policy, an extra-

22  contractual claim such as breach of the covenant of good faith and fair dealing cannot

23  lie where, as here, there are no allegations of damages independent of the denial of

24  benefits under the Policy.  And, in any event, Continental at all time acted reasonably

25  and in good faith, and so would not be liable for *Brandt* fees even if its coverage

26  position were determined to be erroneous.

27

28

1

        **b.**    **Subject Matter Jurisdiction:**

2

        The parties agree the Court has subject matter jurisdiction on the basis of

3

diversity.

4

        **c.**    **Legal Issues:**

5

        FedEx submits that the central legal issues are whether Continental is

6

contractually obligated to indemnify FedEx for defense fees and costs and for the

7

underlying settlement and whether Continental is liable for bad faith. FedEx Office

8

does not believe there will be any unusual substantive, procedural or evidentiary

9

issues. FedEx believes it will prevail on a forthcoming motion for partial summary

10

judgment. If true, only the bad faith claim would remain.

11

        Continental submits that neither of the relevant insuring agreements are

12

triggered and therefore no coverage is available for the FACTA Actions.  This issue is

13

a straightforward matter of policy interpretation suitable for resolution on

14

Continental's motion for judgment on the pleadings.  If the Court grant's

15

Continental's motion for judgment on the pleadings as to coverage, Continental

16

believes that the Court should also dismiss the bad-faith claim because there are no

17

allegations of damages independent of the denial of benefits under the policy.

18

        If the Court were to find that discovery is necessary as to coverage issues,

19

Continental will also raise defenses based on prior knowledge, and the Claim relating

20

back to a prior Policy Period when Continental was not on the risk.  Although

21

Continental believes these are valid defenses, they are not well-suited for resolution

22

on the pleadings.

23

        If the Court were to find that there is coverage under the Policy for the FACTA

24

Actions, Continental contends that it at all times acted reasonably and in good faith

25

and so FedEx Office's bad faith claim fails.

26

27

28

4835-6982-4201.2

4839-8926-4842.v1

**d.     Parties, Evidence, etc.**

The case involves two parties, FedEx Office, Inc. and Continental. The evidence is expected to include the insurance policy, the claims communications, records from the underlying litigation for which coverage is being sought, defense fee and costs information, underwriting material relating to the policy, and records regarding Continental's handling of similar FACTA claims arising under Professional Liability policies.

**e.     Damages:**

FedEx Office seeks its costs in defending the underlying class actions, the resulting settlement it paid, plus interest (exceeding $2.5 million in aggregate) plus its attorneys' fees and costs under *Brandt*.

Continental does not believe FedEx Office is entitled to the relief it seeks or any relief whatsoever.

**f.     Insurance:**

This is an insurance coverage case.

**g.     Motions:**

The parties do not anticipate adding additional parties or amending the pleadings and do not anticipate any jurisdictional challenge or motions to transfer venue.  As discussed below, FedEx Office and Continental plan to file a motion for judgment on the pleadings and partial summary judgment motion as to coverage.

**h.     Manual for Complex Litigation:**

FedEx Office and Continental agree that this is not a complex case under the Federal Rules.

**i.     Status of Discovery:**

The parties will have completed their initial disclosures by the time of the Scheduling Conference. The parties have not yet engaged in discovery.

**j.    Discovery Plan:**

1.     The parties' initial disclosure will identify fact witnesses, documents and damages. FedEx Office and Continental do not believe that any changes regarding the timing of such disclosures is needed.

2.     FedEx Office believes that discovery will be typical for an insurance coverage case. The claims and underwriting files and related testimony will be needed, along with Continental's guidelines and procedures for both. *Colonial Life* discovery tailored to the Policy at issue here will be sought for the bad faith claim. FedEx Office has informally produced significant documentation from the underlying class actions when it initially sought coverage.  FedEx Office does not see any need for phased discovery and believes that the fact discovery can be concluded by late February 2021, in approximately five months. This schedule (and that proposed by FedEx Office on Exhibit A) would allow for resolution of the case within 13 months of the filing of the complaint via what the parties agree is only a three-day trial. Given the narrow scope of the litigation, FedEx Office believes that this is sufficient time for discovery despite the pandemic.

Continental believes discovery will not be extensive in this case.  If discovery is necessary, Continental will seek information regarding the FACTA Actions as well as a prior FACTA lawsuit against FedEx Office and FedEx Office's knowledge concerning its compliance with FACTA.  Continental will provide the claims and underwriting files and will confer with FedEx Office as needed regarding what, if any, additional discovery is appropriate based on the scope of FedEx Office's specific requests.  Although Continental does not see this case as involving voluminous discovery, Continental notes that the ongoing pandemic has generally slowed down discovery.  Additionally, Continental notes that the parties are filing motions that could limit discovery or end the case.  In light of these circumstances, Continental believes it would be advisable to build in extra time for fact discovery so

-7-

that the rest of the deadlines will not have to be adjusted. Continental suggests a 9-month fact discovery period.

3.      FedEx Office and Continental do not anticipate any unusual issues regarding document retention or preservation, or with respect to electronic discovery.

4.      The parties do not anticipate any unusual privilege issues.

5.      At this time FedEx Office and Continental do not believe that any changes are needed to applicable discovery rules. Due to the pandemic, the parties anticipate that depositions may proceed partly or entirely remotely. FedEx Office and Continental have agreed to email service for all purposes.

6.      At this time the parties do not believe that any other orders are needed under Rule 26(c) or Rule 16(b).

**k.      Discovery Cutoff:**

FedEx Office proposes a fact discovery cutoff of February 5, 2021. Continental proposes a fact discovery cutoff of June 21, 2021.

**l.      Expert Discovery:**

As dates for initial disclosure and reports, rebuttal expert reports, and expert discovery cutoff, FedEx Office proposes 2/19/21, 3/91, 21, and 4/16/21, while Continental proposes 7/6/21, 8/2/21, and 8/30/21.

**m.      Dispositive motions:**

FedEx Office is filing a motion for partial summary judgment on September 11, 2020. Continental plans to file a motion for judgment on the pleadings on or before September 11, 2020.

**n.      Settlement/Alternative Dispute Resolution ("ADR"):**

The parties agree to private mediation.

**o.      Trial Estimate:**

The parties agree that this should be a three-day trial.

1    **p.    Trial Counsel:**

2        For FedEx Office: Robert Wallan and Rebecca Tierney of Pillsbury Winthrop

3    Shaw Pittman LLP.

4        For Continental: Richard A. Simpson and Joseph W. Gross of Wiley Rein, LLP

5    and Robert Christensen of the CNA Litigation Group

6    **q.    Independent Expert or Master:**

7        The parties do not anticipate a need for an independent expert or master.

8    **r.    Settlement Efforts:**

9        Before litigation FedEx Office and Continental previously engaged in private

10   mediation on April 1, 2020, with JAMS.

11   **s.    Timetable:**

12       FedEx Office and Continental have included their proposed dates on Exhibit A.

13   Depending on the availability of a hearing date, the parties anticipate a hearing on the

14   dispositive motions described above in October or November.

15   **t.    Other Issues:**

16       FedEx Office and Continental do not anticipate any other issues at this time.

17   Dated:  September 4, 2020               PILLSBURY WINTHROP SHAW PITTMAN
18                                           LLP

19
                                            By:_____*/s/ Robert L. Wallan*_____
20
                                                 Robert L. Wallan
21                                               Rebecca Tierney
                                                 Attorneys for Plaintiff
22                                               FEDEX OFFICE AND PRINT
                                                 SERVICES, INC.
23

24

25

26

27

28

-9-

Dated:  September 4, 2020

CNA COVERAGE LITIGATION GROUP

By:   /s/ Robert Christensen

    Robert Christensen
    Julie Humphreys

WILEY REIN LLP

By:   /s/ Joseph W. Gross

    Joseph W. Gross (admitted pro hac vice)
    Richard A. Simpson (pro hac vice to be
    filed)
    Attorneys for Defendant
    CONTINENTAL CASUALTY
    COMPANY

## ATTESTATION

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  September 4, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By:            /s/ Robert L. Wallan

    Robert L. Wallan
    Rebecca Tierney
    Attorneys for Plaintiff
    FEDEX OFFICE AND PRINT
    SERVICES, INC.

-10-

JUDGE MICHAEL W. FITZGERALD
<u>SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET</u>

| Case No. | 2:20-cv-04799-MWF-AGR | | |
|---|---|---|---|
| Case Name | FedEx Office and Print Services, Inc. v. Continental Casualty Company | | |
| Matter | | Plaintiff's Date mo / day / year | Defendant's Date mo / day / year | Court Order |
| [ x ] Jury Trial or [   ] Court Trial (Tuesday at 8:30 a.m.)<br><br>    Duration Estimate 3 Days | | 7/6/21 | 11/15/21 | |
| Final Pretrial Conference [LR 16]and Hearing on Motions *In Limine* (Monday at 11:00 a.m. – **three (3) weeks before trial date**)<br><br>Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs | | 6/14/21 | 10/25/21 | |
| Event | Weeks Before Trial | Plaintiff's Date mo / day / year | Defendant's Date mo / day / year | Court Order |
| Last Day to Hear Motion to Amend Pleadings / Add Parties | | 10/9/20 | 10/9/20 | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | 2/15/21 | 6/21/21 | |
| Expert Disclosure (Initial) | | 2/19/21 | 7/6/21 | |
| Expert Disclosure (Rebuttal) | | 3/19/21 | 8/2/21 | |
| Expert Discovery Cut-Off | 14* | 4/16/21 | 8/30/21 | |

EXHIBIT A

11

| | | | | |
|---|---|---|---|---|
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 3/15/21 | 8/2/21 | |
| Last Date to Conduct Settlement Conference | 12 | 4/9/21 | 8/23/21 | |
| For Jury Trial<br><br>• File Memorandum of Contentions of Fact and Law, LR 16-4<br>• File Exhibit and Witness Lists, LR 16-5.6<br>• File Status Report Regarding Settlement<br>• File Motions *In Limine* | 6 | 5/14/21 | 9/27/21 | |
| For Jury Trial<br><br>• Lodge Pretrial Conference Order, LR 16-7<br>• File Agreed Set of Jury Instructions and Verdict Forms<br>• File Statement Regarding Disputed Instructions, Verdicts, etc.<br>• File Oppositions to Motions *In Limine* | 5 | 5/21/21 | 10/4/21 | |
| For Court Trial<br><br>• Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | | | |

*The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

EXHIBIT A

[  ] Attorney Settlement Officer Panel  [x ] Private Mediation [  ] Magistrate Judge (with Court

approval)

EXHIBIT A

13